UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-7864-DMG (JCx)** | Date | October 4, 2023 |
|---|---|---|---|
| Title | ***Stephanio Chukwu Oha v. Arturo Solorzano, et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING *IN FORMA PAUPERIS* REQUEST [3] AS MOOT**

On September 20, 2023, Plaintiff Stephanio Chukwu Oha, proceeding *pro se*,[1] filed a complaint against Arturo Solorzano, Gallargher Bassett Construction, Universal Asphalt Company, and "Federal Insurance Company." [Doc. # 1.] Oha alleges that on September 20, 2021, a truck driven by Solorzano lost a tire, which flew into Oha's car, causing damage to Oha's car and severe injuries to Oha. *Id.* at 2. Oha does not explain the connection between the other defendants and Solorzano. Oha states that he brings tort claims against all defendants, seeking compensation for his injuries. *See id.* at 2–3.

Federal courts are courts of limited jurisdiction, unlike state courts, which have general jurisdiction. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018); *see also* Fed. R. Civ. P. 8(a) (pleadings must contain a "short and plain statement of the grounds for the court's jurisdiction"). Thus, a litigant seeking to proceed in this Court must allege a basis for the Court to exercise subject matter jurisdiction over his or her claims. The Court must *sua sponte* dismiss a case if it does not have subject matter jurisdiction over the claims asserted by the plaintiff. *See*

---

[1] Although Oha is proceeding *pro se*, *i.e.*, without legal representation, Oha nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, https://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants. There is a free "*Pro Se Clinic*" that can provide information and guidance about many aspects of civil litigation in this Court. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-7864-DMG (JCx)** | Date | October 4, 2023 |
|---|---|---|---|
| Title | ***Stephanio Chukwu Oha v. Arturo Solorzano, et al.*** | Page | 2 of 2 |

Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C. § 1915(e) (requiring the Court to screen complaints if the plaintiff requests permission to proceed *in forma pauperis*).

Here, the allegations of Oha's complaint do not arise within the Court's subject matter jurisdiction. State law tort claims arising out of a vehicle injury do not generally arise under the Constitution or federal law. *See* 28 U.S.C. § 1331 (explaining that the Court has jurisdiction over such federal question claims). The Court has jurisdiction over state law claims if, *inter alia*, the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1); *see also Diaz v. Diaz*, 549 F.3d 1223, 1234 (9th Cir. 2008) (explaining that each defendant must be a citizen of a different state from plaintiff). For the purposes of section 1332(a)(1), a corporation is typically a citizen of "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Oha fails to allege the citizenship of himself or each defendant, and the Court cannot ascertain the amount in controversy. *See* Complaint at 2 (seeking "$1000,5000" [*sic*]).

Since the complaint does not adequately allege a basis for the Court to exercise jurisdiction, Oha is **ORDERED** to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. By **October 25, 2023**, Oha shall file a response (which may be an amended complaint) in which he properly identifies the basis for the Court's subject matter jurisdiction. Failure to timely respond, or failure to adequately support the basis for this Court's jurisdiction, will result in dismissal of this action without prejudice. Further, because Oha paid the $402 filing fee for this action, the request to proceed *in forma pauperis* [Doc. # 3] is **DENIED** as moot.

**IT IS SO ORDERED**.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|